IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**STEVEN MADDEN,**

**Defendant.** No. 09-cr-30063-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On August 22, 2012, the Court received a letter from Madden which the Court construes as a motion to reconsider (Doc. 211). Madden requests the Court to look at his sentence again as he feels that the guidelines were wrongfully increased. Based on the following, the Court dismisses Madden's motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial

based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Madden does not cite any case law or statute which allows the Court to consider his motion. Rule 35 is inapplicable because this motion is brought over two years and four months *after* the sentencing and Judgment ( June 11, 2010); the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motions do not appear to be brought on newly discovered evidence and it was not filed within 7 days to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Madden could bring this motion is a § 2255 collateral attack. Which Madden did file on January 12, 2012; *Madden v. USA*, 12-0029-DRH and that matter is still pending. Because the Court finds that Madden's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motions.

Accordingly, the Court dismisses for want of jurisdiction Madden's motion to reconsider (Doc. 211).

**IT IS SO ORDERED.**

Signed this 22nd day of August, 2012.

David R. Herndon
2012.08.22
16:49:29 -05'00'

**Chief Judge
United States District Court**